# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY KING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. VILLEGAS, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00676-EPG (PC)<br><br>**ORDER FINDING COGNIZABLE CLAIMS**<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE CLAIMS OF EXCESSIVE FORCE IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANTS VILLEGAS AND CRUZ;**<br><br>**(2) FILE A FIRST AMENDED COMPLAINT; OR,**<br><br>**(3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO A DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>THIRTY (30) DAY DEADLINE |

　　　　Plaintiff Jerry King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 17, 2017 (ECF No. 1), which is now before this Court for

1

screening. Plaintiff alleges that correctional officers used excessive force against him and then falsified reports that led to punitive confinement.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 6), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

\\\

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

At the time of the relevant events, Plaintiff was incarcerated at Kern Valley State Prison ("KVSP"). Defendants R. Villegas and P. Cruz are correctional officers at KVSP. Defendant J. Curry is a correctional lieutenant in charge of California Men's Colony and at all times relevant to the complaint was responsible for conducting disciplinary hearings for prisoners.

On August 4, 2016, Plaintiff was transferred to KVSP and placed on orientation status until he appeared before the Institutional Classification Committee ("ICC"). On August 17, 2016, Defendant R. Villegas and another unidentified correctional officer came to Plaintiff's unit in order to escort Plaintiff and approximately nine other inmates for classification purposes. Villegas immediately placed Plaintiff in restraints. Villegas then instructed Plaintiff to get in line with the other inmates, who were also in restraints. Villegas took the lead position of the escort.

Plaintiff and the other inmates were then escorted to the Mental Health Department building. Once at the building, an inmate behind Plaintiff asked Plaintiff a question and Plaintiff responded. This happened while Villegas was instructing all inmates to line up against the wall. Villegas approached Plaintiff and stated "What don't you understand about shut your fucking mouth?" Plaintiff responded that Villegas didn't have to get directly in Plaintiff's face and talk to him that way.

Villegas then grabbed Plaintiff by the back of Plaintiff's shirt with his left hand and, with great force, pushed and rammed Plaintiff's head into the wall using the back part of his forearm. This caused Plaintiff's head to bust open and bleed.

Plaintiff made a remark of "what the fuck." Villegas then took one his feet and swept Plaintiff off his feet, causing Plaintiff to fall forcefully to the ground. Villas yelled out "Code #1 assault on staff."

Defendant P. Cruz responded to the code #1 and ran to the scene. Plaintiff was lying on the ground in compliance, and was not putting up any struggle or resistance. Cruz struck Plaintiff with great force and a closed fist in his right eye, causing Plaintiff's eye to bleed. Plaintiff sustained numerous other injuries as a result of the misuse of force applied during the

incident.

To cover up the extent of Plaintiff's injuries, a KVSP correctional sergeant told medical staff to document on the CDCR-7219 medical report that Plaintiff refused treatment.

Villegas and Cruz then filed a false Rules Violation Report ("RVR") against Plaintiff, alleging battery on a peace officer. As a result of this false report, Plaintiff was placed in punitive segregation.

On November 15, 2016, Plaintiff appeared before Defendant Curry, who acted as the senior hearing officer. Curry failed to ask Villegas specific questions requested by Plaintiff. Curry claimed that the questions were irrelevant.

Plaintiff was found guilty of battery on a peace officer.

### III. DISCUSSION

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

#### A. EXCESSIVE FORCE

The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam); *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). What is necessary to show sufficient harm under the Eighth Amendment depends upon the claim at issue, with the objective component being contextual and responsive to contemporary standards of decency. *Hudson*, 503 U.S. at 8 (quotation marks and citations omitted). For excessive force claims, the core judicial inquiry is whether the force was applied in a good-faith effort to maintain or

4

restore discipline, or maliciously and sadistically to cause harm. *Wilkins*, 559 U.S. at 37(quoting *Hudson*, 503 U.S. at 7) (quotation marks omitted).

In determining whether the use of force was wanton or and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7 (quotation marks and citations omitted).

The Court finds that, liberally construed, Plaintiff has stated a cognizable claim for relief against Defendants R. Villegas and P. Cruz for excessive force in violation of the Eighth Amendment. Plaintiff has alleged facts indicating that he was restrained when first R. Villegas and then P. Cruz assaulted him without cause.

### B. PLAINTIFF'S DUE PROCESS CLAIMS

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake." *Coakley v. Murphy*, 884 F.2d 1218, 1220 (9th Cir.1989). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state law or prison regulations. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the

prisoner is illiterate or the issues presented are legally complex. Id. at 563–71.

In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached...." *Hill*, 472 U.S. at 455–56 (emphasis added).

Prisoners do not have a constitutional right to confront and cross-examine adverse witnesses at disciplinary proceedings. *Ponte v. Real,* 471 U.S. 491, 510 (1985).

Plaintiff claims that Defendant Curry violated his due process rights by failing to ask certain questions of Defendant Villegas. This allegation does not state a claim for a constitutional violation under the legal standards explained above. Plaintiff does not have a constitutional right to examine adverse witnesses nor have his specific questions asked.

The Court will give Plaintiff leave to amend his complaint if he believes that the disciplinary proceeding failed to comport with the constitutional standards described above.

### C. PERJURY

Plaintiff's complaint alleges a claim for perjury based on the allegation that Defendants Villegas and Cruz lied about the facts of the alleged incident in generating a rules violation report. Plaintiff cites the California Penal Code, which prohibits making an unlawful statement in a crime report.

The California Penal Code is a criminal statute. Violations of those laws are brought by the executive branch, such as a district attorney or a United States Attorney. The penal code does not provide a private right of action that would allow Plaintiff to prosecute defendants for criminal conduct.

Making false statements, in and of itself, does not violate the U.S. Constitution. The Ninth Circuit held in *Hernandez v. Johnston*, 833 F.2d 1316 (9th Cir. 1987) that inaccurate information in a prison record did not violate the prisoner's due process rights. *Id.* at 1318 ("Magistrate Burgess did not discuss Hernandez' separable claim of a due process right to

accurate information in his prison record. We address the issue, and hold that Hernandez was not deprived of liberty by the presence of the challenged statements.").

Although there is no Ninth Circuit case on point, the issue of when false allegations give rise to a constitutional claim was thoroughly addressed in a decision of this district, which was affirmed by the Ninth Circuit in an unpublished decision:

> A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *See Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner receives procedural due process during his disciplinary hearing, a prisoner's allegation of a fabricated prison disciplinary charge fails to state a cognizable claim for relief under § 1983. *See Freeman,* 808 F.2d at 951 (the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); *Hanrahan v. Lane,* 747 F.2d 1137, 1140–41 (7th *Cir.* 1984) ("[A]n allegation that a prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural due process protections as required in *Wolff v. McDonnell* are provided.").
>
> Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California relying on the cases cited above have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983. *See, e.g., Conner v. Winslow,* No. EDCV 07–218 AG (AN), 2009 WL 1549737 at *18 (C.D. Cal. June 1, 2009); *Williams v. Foote,* No. CV 08–2838 CJC (JTL), 2009 WL 1520029 at *7 (C.D. Cal. May 28, 2009); *Salisbury v. Miller,* No. C 08–4680 MHP (pr), 2009 WL 743925 at *2 (N.D. Cal. Mar. 18, 2009); *Meraz v. Reppond,* No. C 08–4540 MHP (pr), 2009 WL 723841 at *2 (N.D. Cal. Mar. 18, 2009); *Rodgers v. Reynaga,* No. CV 1–06–1083 JAT, 2009 WL 62130 at *2 (E.D. Cal. Jan. 8, 2009); *Drake v. Berg,* No. C 07–3844 PJH (PR), 2008 WL 4482848 at *1 (N.D. Cal. Oct. 1, 2008); *Moore v. Thomas,* No. C 06–2105 SBA (PR), 2008 WL 4447726 at *4 (N.D. Cal. Sept. 30, 2008); *Deadmon v. Grannis,* No. 06–cv–1382 LAB (WMC), 2008 WL 595883 at *10 (S.D. Cal. Feb. 29, 2008); *Carrillo v. Pena,* No. CIV S–06–2924 RRB DAD, 2007 WL 2994689 at *2 (E.D. Cal. Oct. 12, 2007); *Player v. Salas,* No. 04–cv–1761 LAB (WMc), 2007 WL 2781102 at *7 (S.D. Cal. Sept. 21, 2007), *aff'd* 2009 WL 890967 (9th Cir. Apr.3, 2009); *Brookins v. Terhune,* No. CIV S–03–0916 GEB JFM, 2005 WL 3262940 at *4 (E.D. Cal. Nov. 28, 2005), *adopted by* 2006 WL 647975, *aff'd* 2007 WL 2827544 (9th Cir. Sept.27, 2007).

*Harper v. Costa* (E.D. Cal., June 16, 2009, No. CIVS07-2149LKK DADP) 2009 WL 1684599, at *2–3, *subsequently aff'd*, 393 Fed.Appx. 488 (9th Cir. 2010).

In light of these legal standards, Plaintiff fails to state a constitutional claim based on the alleged false allegations against him. While the filing of false statements may constitute perjury under criminal law, it does not independently violate the Constitution so long as Plaintiff received due process before receiving punishment that rises to a deprivation of a liberty interest. Based on the allegations in the complaint, it appears that Plaintiff was afforded all the process that was due.

### IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's complaint states cognizable claims for excessive force in violation of the Eighth Amendment against Defendants R. Villegas and P. Cruz. Plaintiff's complaint fails to state any other claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. *Jones*, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in

itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff may also choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district court judge, recommending that the case proceed only on the excessive force claims described above and that all other claims and defendants be dismissed. **If Plaintiff chooses to stand on his complaint, he must also file a signed copy of the complaint** (while there was a page prepared for Plaintiff's signature, the copy sent to the Court was not signed).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint, which the Court will screen in due course;
    b. Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the claims found cognizable by this order. If Plaintiff chooses this option he must also file a signed copy of the complaint; or
    c. Notify the Court in writing that he does not agree to go forward on only the claims found cognizable by this order or file an amended complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.
2. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:17-cv-00676-EPG; and

///

///

3. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **January 8, 2018**          /s/ *Eric P. Grosjean*
                                    UNITED STATES MAGISTRATE JUDGE