UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>        Plaintiff,<br><br>    v.<br><br>R. VILLEGAS and P. CRUZ,<br><br>        Defendants. | Case No. 1:17-cv-00676-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL WITHOUT PREJUDICE<br><br>(ECF NO. 25) |

       Jerry King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On May 31, 2018, Plaintiff filed a motion for appointment of pro bono counsel.  (ECF No. 25).

       Plaintiff asks for appointment of counsel because he cannot afford counsel, he has limited knowledge of the law, he has extremely limited access to the law library, he has no ability to investigate the facts of this case, and the issues in this case are complex.[1]

---

[1] Plaintiff alleges that this case is complex in part because he has a claim against supervisors, as well as a medical care claim.  However, this case is only proceeding "on Plaintiff's claims for excessive force in violation of the Eighth Amendment against defendants R. Villegas and P. Cruz."  (ECF No. 14, p. 2; ECF No. 20, p. 2).

1

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds,</u> 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citation omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, based on the complaint it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 11, 2018**     /s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE