UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>    Plaintiff,<br><br>v.<br><br>R. VILLEGAS and P. CRUZ,<br><br>    Defendants. | Case No. 1:17-cv-00676-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION/TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF NO. 26)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

    Jerry King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on "Plaintiff's claims for excessive force in violation of the Eighth Amendment against defendants R. Villegas and P. Cruz." (ECF No. 14, p. 2; ECF No. 20, p. 2). Plaintiff's claims stem from an alleged excessive force incident that occurred on August 17, 2016.

    On June 4, 2018, Plaintiff filed a motion for a preliminary injunction/temporary restraining order ("the Motion").[1] (ECF No. 26). Defendants filed their opposition on September 21, 2018. (ECF No. 39). The Motion is now before the Court.

///

---

[1] As Defendants were provided notice of the Motion and were given an opportunity to respond, the Court will treat the Motion as a motion for a preliminary injunction.

## I. THE MOTION

Plaintiff asks for a preliminary injunction/temporary restraining order stating that Plaintiff not be housed at Kern Valley State Prison or North Kern Valley State Prison, which is where Defendants work. Additionally, Plaintiff wants the order to direct that, when Plaintiff must go to court, Plaintiff be picked up at Mule Creek State Prison, taken to court, and then be brought back to Mule Creek State Prison the same day.

Plaintiff states that criminal charges were filed against him. For over a year of court proceedings, a Kern Valley State Prison transportation officer picked Plaintiff up, took him to court, and then brought him back to his institution of confinement the same day.

Plaintiff was told he could not be housed in the same prison as Defendants because of "these cases." Defendant Cruz stated that he feared for his life, and requested this.

On May 9, 2018, Plaintiff was transferred to the administrative segregation housing unit at Kern Valley State Prison. Plaintiff talked to the sergeant, the lieutenant, and the Warden at committee, and they all said that Plaintiff could be housed in administrative segregation at Kern Valley State Prison because Plaintiff was "out to court."

Plaintiff lives in fear of being beaten again by Defendants. Plaintiff cannot shower or go outside because an officer could put a manufactured weapon in his cell and charge him with a new crime. Additionally, they could house him with an inmate that may try to kill him, or say that Plaintiff tried to attack them to make it look better for the case against Plaintiff.

Plaintiff fears retaliation because Defendants are being sued and possibly brought up on criminal charges, and are facing the loss of their careers. Additionally, they have broken the law already by using excessive force. Defendants also have friends, family, and co-workers that work at Kern Valley State Prison and North Kern Valley State Prison.

Plaintiff argues that his mental anguish alone constitutes an "irreparable injury." Additionally, the "balance of hardship" weights in Plaintiff's favor because defendant Cruz already requested that Plaintiff not be housed at Kern Valley State Prison. Finally, it is in the public interest for the Court to grant the injunction to keep Plaintiff safe, as well as prison personnel and government officials.

1  **II.  DEFENDANTS' OPPOSITION**

Defendants argue that Plaintiff's motion should be denied because he has failed to establish that he is likely to suffer irreparable harm in the absence of preliminary relief, and because Plaintiff seeks relief against a non-party.

Defendants state that Plaintiff is not an inmate at Kern Valley State Prison. He is housed at Mule Creek State Prison, but is housed in administrative segregation at Kern Valley State Prison when he is out-to-court. Defendants do not work in the segregated housing unit, and so far there have been no documented incidents with respect to Plaintiff while he was housed at Kern Valley State Prison for his out-to-courts.

"While Plaintiff imagines several ways" in which Defendants' and their friends, family, and/or co-workers "might retaliate against him, including planting a weapon in his cell and then criminally charging him for possessing it, he has alleged no facts, and provided no evidence to suggest, that such retaliation is likely to occur." (ECF No. 39, p. 5).

Moreover, Plaintiff requests an injunction directed at the California Department of Corrections and Rehabilitation ("CDCR"). However, the CDCR is not a party to this action. Thus, the Court does not have jurisdiction to issue an injunction/temporary restraining order.

**III.  LEGAL STANDARDS**

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active

concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

### IV. ANALYSIS

The Court will recommend that the Motion be denied. As explained above and pointed out by Defendants, a plaintiff seeking a preliminary injunction must establish that he is likely to suffer irreparable harm in the absence of preliminary relief. Here, Plaintiff's allegations of irreparable harm revolve around Plaintiff's fear of retaliation. However, Plaintiff has submitted no evidence that Defendants (or their friends, family, and/or co-workers) have, or plan to, retaliate against Plaintiff. In fact, Plaintiff has not even alleged that there have been attempts to retaliate against Plaintiff, that there have been threats of retaliation, or that Defendants have a history of retaliating against prisoners who filed lawsuits against them. While the Court understands why Plaintiff is afraid of being housed in the institution where Defendants work, Plaintiff's fear of retaliation is not enough to establish a likelihood that he will suffer irreparable harm in the absence of preliminary relief.

### V. CONCLUSION AND RECOMMENDATION

As Plaintiff has failed to show a likelihood of irreparable harm in the absence of preliminary relief, the Court finds that the Motion should be denied. Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction/temporary

restraining order be DENIED.

These findings and recommendations will be submitted to the United States district judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within twenty-one (21) days after being served with a copy of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 26, 2018**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE