UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>       Plaintiff,<br><br>    v.<br><br>R. VILLEGAS and P. CRUZ,<br><br>       Defendants. | Case No. 1:17-cv-00676-AWI-EPG (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF NO. 55)<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO SENIOR ASSISTANT ATTORNEY GENERAL MONICA ANDERSON, THE WARDEN OF MULE CREEK STATE PRISON, AND THE LITIGATION COORDINATOR AT MULE CREEK STATE PRISON |

       Jerry Lee King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

       On February 28, 2019, the Court issued an order for the Warden of Mule Creek State Prison to show cause why he or she should not be sanctioned for failing to comply with a court order. (ECF No. 55). For the reasons described below, the Court will discharge the order to show cause as to the Warden of Mule Creek State Prison.

    **I.   BACKGROUND**

       On September 14, 2018, the Court issued an order that, among other things, set a Discovery and Status Conference for February 25, 2019 at 1:30 p.m. (ECF No. 36). The order stated

> A discovery and status conference is set for February 25, 2019, at 1:30 p.m. Parties have leave to appear by phone. To join the conference, each party is directed to call the toll-free number (888) 251−2909 and use Access Code 1024453.
>
> . . .
>
> Plaintiff shall make arrangements with staff at his or her institution of confinement for his or her attendance at the discovery and status conference. Plaintiff's institution of confinement shall make Plaintiff available for the conference at the date and time indicated above. To the extent possible, prior to the conference defense counsel shall confirm with Plaintiff's institution of confinement that arrangements have been made for Plaintiff's attendance.

(Id. at 4-5).

The Court attempted to hold the conference on the date and time ordered. The undersigned and her court staff were present. Counsel Aseil H. Mohmoud telephonically appeared on behalf of Defendants. However, Plaintiff failed to appear.

Ms. Mohmoud stated on the record that prior to the conference, she contacted Plaintiff's institution of confinement, Mule Creek State Prison, and confirmed that the institution was aware of the conference and would make Plaintiff available. When Plaintiff failed to attend the conference, Ms. Mohmoud also attempted to contact the litigation coordinator for the institution. After several attempts, it appeared that defense counsel reached someone at the institution and tried to find Plaintiff to have him attend the conference. Ms. Mohmoud told the Court that the institution was trying to locate Plaintiff and then trying to call-in to the conference. However, although the Court waited for over twenty minutes for Plaintiff to appear, he failed to do so.

Accordingly, the Court issued an order for Plaintiff to show cause why he should not be sanctioned for failure to appear, and for the Warden of Mule Creek State Prison to show cause why he or she should not be sanctioned for failing to comply with the Court's order. (ECF No. 55).

On March 8, 2019, the Warden filed a response. (ECF No. 58).

The Court held the telephonic discovery and status conference on March 11, 2019.

(ECF No. 60). Plaintiff appeared on his own behalf. Ms. Mohmoud telephonically appeared on behalf of Defendants. After hearing from the parties, the Court discharged the order to show cause as to Plaintiff. (ECF No. 64, p. 2). The Court also gave Plaintiff the opportunity to submit evidence that he provided a copy of the Court's scheduling order to prison officials, and to submit copies of responses he received from the institution regarding his request to be allowed to participate in the conference. (Id.).

Plaintiff filed his evidence on March 15, 2019. (ECF No. 61). On April 10, 2019, Defendants filed an opposition to Plaintiff's evidence, and asked the Court to warn Plaintiff that intentional misrepresentations of fact to the Court could result in the imposition of sanctions. (ECF No. 69). On April 22, 2019, Plaintiff filed a reply to Defendants' opposition. (ECF No. 71).

## II. WARDEN'S RESPONSE

According to the Warden, prison officials were unaware of the February 25 conference. The litigation office did not receive a copy of the order setting the conference from the Court. While Plaintiff did submit a Form 22 to the litigation office, he listed the wrong date and did not include the name of the case or a copy of the Court order. The litigation office assistant responded to Plaintiff's request by asking that he forward a copy of his CourtCall confirmation sheet in order to confirm the call. However, Plaintiff never responded.

The Warden noted that, prior to February 25, 2019, Plaintiff had at least two court appearances that staff at his institution scheduled successfully.

Ms. Mohmoud filed a declaration in support of the Warden's response. According to Ms. Mohmoud, she mistakenly believed that Plaintiff was still housed at California State Prison Solano, and thus forwarded the Court's order to the wrong institution. Additionally, while it is her practice to follow up with the prison the week before and the day before the hearing in order to ensure the inmate's appearance, due to her focus on meeting pre-trial deadlines in another case she failed to calendar reminders to herself to follow up, and thus did not follow up.

///

**III. PLAINTIFF'S EVIDENCE**

Plaintiff stated that it is his practice to attach a copy of the order every time he sends a Form 22 to the litigation coordinator.

Plaintiff submitted a copy of a Form 22 dated February 28, 2019, in which he states that he has a conference on March 11, 2019, at 9:30 a.m. Based on the litigation coordinator's response to the Form 22, it appears that Plaintiff attached a copy of the minute order to the Form 22.

Defendants point out in their opposition that the Form 22 is dated February 28, 2019, which is three days after the February 25 conference was supposed to be held. Thus, Plaintiff failed to provide proof that he provided prison officials at Mule Creek State Prison with a copy of the Court's order setting the February 25 conference. "To the extent Plaintiff['s] misrepresentations were intentional, Defendants respectfully request that the Court admonish Plaintiff that any future statements to the Court based on false information may result in sanctions." (ECF No. 69, p. 4).

**IV. ANALYSIS**

The Court will discharge the order to show cause without issuing sanctions. The Warden explained that the reason his staff did not arrange for Plaintiff's appearance at the February 25 conference is because his staff never received the order. The Warden provided evidence that, while Plaintiff did file a Form 22 asking for his appearance at the conference to be arranged, he listed the wrong date, and did not provide a copy of the order.

As to Plaintiff's evidence that he did provide a copy of the order, while Plaintiff stated that it is his practice to attach a copy of court orders to Form 22s he sends to the litigation coordinator, the Form 22 Plaintiff provided is dated February 28, 2019, and appears to refer to the continued conference. Thus, it could not have put the Warden or his staff on notice of the conference on February 25.

As Plaintiff submitted no evidence to contradict the Warden's assertion that his staff never received a copy of the Court's order, the Court will discharge the order to show cause as to the Warden without issuing sanctions.

As to Defendants' request that the Court admonish Plaintiff, the Court will not do so at this time. There is no evidence that Plaintiff's "misrepresentation" was intentional. Based on Plaintiff's subsequent filings, it appears that Plaintiff intended to file a Form 22 dated February 10, 2019, not a Form 22 dated February 28, 2019.[1] (<u>See, e.g.</u>, ECF No. 71, p. 1).

**V.    ORDER**

Accordingly, based on the foregoing, IT IS ORDERED that:

1. The order to show cause entered on February 28, 2019, is DISCHARGED as to the Warden of Mule Creek State Prison; and
2. The Clerk of Court is directed to serve a copy of this order on Senior Assistant Attorney General Monica Anderson, the Warden of Mule Creek State Prison, and the Litigation Coordinator at Mule Creek State Prison.

IT IS SO ORDERED.

Dated:  **May 7, 2019**           /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that the Warden provided a copy of a Form 22 dated February 10, 2019 (ECF No. 58, p. 7), and there is no indication in that Form 22 that Plaintiff provided the litigation coordinator with a copy of the Court's order.