UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>        Plaintiff,<br><br>v.<br><br>R. VILLEGAS and P. CRUZ,<br><br>        Defendants. | Case No. 1:17-cv-00676-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR COURT ORDER AS MOOT<br><br>(ECF NO. 74) |

        Jerry Lee King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

        On April 24, 2019, Plaintiff filed a request for court order (ECF No. 74), which the Court construes as a request for a court order under the All Writs Act. Plaintiff alleges that he is being housed in a maximum-security unit at CCI Tehachapi. He has been stuck in his cell since March 26, 2019. He is not allowed to go to the law library, the yard, or dayroom. He is also not allowed to use the phone to call his attorney when he has court ordered phone calls. Plaintiff is only allowed to take phone calls from the Attorney General, to go to the gym, and to get his legal mail.

        Plaintiff has repeatedly told officers he is no longer on orientation, but they will not let him leave his cell. Officers also "searched [his] cell and tore it apart[,] mixing [his] court papers all up." (Id. at 2).

Plaintiff is afraid of getting beaten again or officers doing something to hurt him. Additionally, Plaintiff is unable to access the law library and cannot meet court deadlines. Plaintiff alleges that he is being harassed because of this lawsuit. Plaintiff asks for an order directing the California Department of Corrections and Rehabilitation to house him at an institution outside of Kern County.[1]

On May 17, 2019, the Warden of CCI Tehachapi filed a response, in the form of a declaration. (ECF No. 78). According to the Warden, Plaintiff now has access to the law library. Additionally, "[t]here is no indication, based on [his] review of records or communication with staff, that inmate King has ever been denied library access when he was scheduled to receive it, whether on PLU status or not." (Id. at 2). Moreover, on May 14, 2019, Plaintiff "was interviewed about the allegations made in his motion to the Court, and he informed custody staff that he had been able to make copies of his documents and access the library and that he did not have any further issues with the program." (Id. at 3).

As to the searches, while two searches did take place, the Warden states that Plaintiff's cell was never "torn up," and no legal materials were confiscated, damaged, or destroyed.

Plaintiff did not file a reply.

Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977) (footnote and citations omitted).

"Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." Hammler v. Haas, 2019 U.S. Dist. LEXIS 48377, *3-4. See also Mitchell v. Haviland, 2015 U.S. Dist. LEXIS 109106, *5 ("Use of the All Writs Act is appropriate in cases where

---

[1] Plaintiff also argues that the Warden of Mule Creek State Prison should be sanctioned. (ECF No. 74, p. 3). The Court notes that it declined to sanction the Warden in a separate order (ECF No. 77).

2

prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); Lopez v. Cook, 2014 U.S. Dist. LEXIS 52198, 2014 WL 1488518 (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, "injunctive relief under the All Writs Act is to be used sparingly and only in the most critical and exigent circumstances," and only "if the legal rights at issue are indisputably clear." Brown v. Gilmore, 533 U.S. 1301 (2001) (citations and internal quotation marks omitted).

As it appears that Plaintiff now has access to the law library and is able to litigate this case, Plaintiff's motion will be denied as moot. The Court notes that if Plaintiff believes he is being retaliated against because he filed this lawsuit, he may file a new lawsuit against the officers responsible.

Accordingly, IT IS ORDERED that Plaintiff's request for court order is DENIED as moot.

IT IS SO ORDERED.

Dated: **October 7, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE