UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>    Plaintiff,<br><br>v.<br><br>R. VILLEGAS and P. CRUZ,<br><br>    Defendants. | Case No. 1:17-cv-00676-AWI-EPG (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR AN ORDER TO PRODUCE DOCUMENTS FOR INSPECTION/MOTION TO COMPEL AND MOTION TO AMEND WITHOUT PREJUDICE<br><br>(ECF NOS. 59, 82, & 86) |

    Jerry King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On July 12, 2019, Defendants filed a motion to stay this case "until Plaintiff's criminal charges in Kern County Superior Court case number DF012989A, arising from the August 17, 2016 incident, are resolved." (ECF No. 82, p. 1). For the reasons that follow, the Court will grant the motion.

    As the Court is staying the case, the Court will deny Plaintiff's motion for an order to produce documents for inspection/motion to compel (ECF No. 59), without prejudice to Plaintiff refiling the motion once the stay is lifted.

    As to Plaintiff's pending motion to amend (ECF No. 86),[1] it will be denied, without prejudice to Plaintiff refiling the motion.

---

[1] Plaintiff titled the motion "supplemental pleading motion." (ECF No. 86, p. 1). However, a supplemental pleading is one that sets "out any transaction, occurrence, or event that happened after the date of the

1

## I. MOTION TO STAY

### A. Defendants' Position

Defendants "move for an order staying this action until Plaintiff's criminal charges in Kern County Superior Court case number DF012989A, arising from the August 17, 2016 incident, are resolved." (ECF No. 82, p. 1).

"[] Plaintiff alleges that Defendants Villegas and Cruz attacked him during the August 17, 2016 incident without any provocation, struggle, or resistance on his part (ECF No. 1), but Plaintiff is currently facing criminal charges for battering Defendant Villegas during the incident in Kern County Superior Court case number DF012989A." (ECF No. 82-1, p. 2). As this case may end up being barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994), and as a determination in this proceeding could invalidate the ongoing criminal proceedings, Defendants ask that this case be stayed until the criminal case is resolved.

### B. Plaintiff's Position

Plaintiff opposes the motion. Plaintiff argues that "[t]his motion is a clear effort at delatory [sic] litigation tactics." (ECF No. 83, p. 1). Plaintiff alleges that this action was filed before the criminal charges, and that the criminal charges were not filed until the Attorney General's Office contacted the Kern County District Attorney. Plaintiff further alleges that "[t]his stay motion and Heck Bar mention is a malicious vindictive retaliation for this Civil Rights Action and for not taking the $1500 [] offered at settlement." (Id. at 2).

### C. Legal Standards

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our

---

pleading to be supplemented." Fed. R. Civ. P. 15(d). Here, the events appear to have happened immediately after the events alleged in the complaint, and before the date of the pleading to be supplemented. Accordingly, the Court construes the motion as a motion for leave to amend.

jurisprudence." Id. "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem[] to require such action.'" Id. (citations omitted).

### D. Analysis

Plaintiff submitted no evidence supporting his assertion that the criminal charges against him were brought at the request of the Office of the Attorney General, or his assertion that this motion "is a malicious vindictive retaliation" for Plaintiff filing this action and not agreeing to settle.

Additionally, Plaintiff does not dispute that he has been charged for assaulting defendant Villegas during the incident, a charge that appears to be inconsistent with the allegations in the complaint. As Plaintiff filed claims related to rulings that will likely be made in what is now a pending criminal proceeding, the Court will stay the case. Wallace v. Kato, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."). See also Peyton v. Burdick, 358 F. App'x 961, 962 (9th Cir. 2009) ("Because Peyton's claims implicate rulings that are likely to be made in the pending state court criminal proceeding, the district court should have stayed the section 1983 action until the criminal case ... is ended.") (alteration in original) (citations and internal quotation marks omitted).

## II. MOTION FOR AN ORDER TO PRODUCE DOCUMENTS FOR INSPECTION/MOTION TO COMPEL

As the Court is staying the case, the Court will deny Plaintiff's motion to compel (ECF No. 59), without prejudice to Plaintiff refiling the motion within twenty-one days of the date of the order lifting the stay. The Court notes that it is not preventing Defendants from renewing their untimeliness argument if a new motion is filed and Defendants oppose the motion.

## III. MOTION TO AMEND

On September 3, 2019, Plaintiff filed a motion for leave to amend his complaint. (ECF No. 86). Plaintiff states that, through discovery, he now knows the names of additional

3

defendants responsible for violating his constitutional rights.

Plaintiff alleges that Registered Nurse L. Gant and Licensed Vocational Nurse E. Vitto violated Plaintiff's constitutional rights, because, after the excessive force incident, they refused to treat Plaintiff's injuries and tried to cover up the staff assault. J. Loera violated Plaintiff's constitutional rights because he told L. Gant and E. Vitto not to give Plaintiff medical treatment, even though he was able to see that Plaintiff needed medical attention. Additionally, J. Loera and D. Dozer put Plaintiff in a cage and then took Plaintiff to isolation, despite being able to see that Plaintiff needed medical attention.

Plaintiff did not attach a proposed amended complaint to his motion.

As the Court previously informed Plaintiff, "Plaintiff may not amend his complaint in this manner." (ECF No. 76, p. 1). If Plaintiff wants to amend his complaint, in addition to filing a motion for leave to amend, he needs to attach a copy of the proposed amended complaint, that is complete in itself, to the motion. Local Rule 137(c) ("If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave…. If the Court grants the motion, counsel shall file and serve the document in accordance with these Rules and the Federal Rules of Civil and Criminal Procedure.").[2] See also Local Rule 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with.").

Therefore, Plaintiff's motion will be denied, without prejudice. Despite the stay, the Court will give Plaintiff thirty days from the date of service of this order to refile the motion with a signed copy of the proposed amended complaint, that is complete in itself, attached. Defendants response will be due within twenty-one days of the date of the order lifting the stay.

---

[2] "All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona." Local Rule 183(a).

## IV. ORDER

Based on the foregoing, IT IS ORDERED that:

1. This case is STAYED pending resolution of the related state criminal proceeding (Kern County Superior Court case number DF012989A) and until further order of the Court. Defendants are directed to file a notice of resolution of the state criminal proceeding within thirty days of such resolution.
2. Plaintiff's motion to compel is DENIED without prejudice. Plaintiff has twenty-one days from the date of the order lifting the stay to refile the motion.
3. Plaintiff's motion for leave to amend is DENIED without prejudice. Plaintiff has thirty days from the date of service of this order to refile the motion with a signed copy of the proposed amended complaint (that is complete in itself) attached. Defendants response is due within twenty-one days of the date of the order lifting the stay.

IT IS SO ORDERED.

Dated: **October 24, 2019** /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE