UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>            Plaintiff,<br><br>    v.<br><br>R. VILLEGAS and P. CRUZ,<br><br>            Defendants. | Case No. 1:17-cv-00676-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF BE DENIED<br><br>(ECF No. 99)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Jerry King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. This case is proceeding on Plaintiff's claims for excessive force in violation of the Eighth Amendment against defendants R. Villegas and P. Cruz. (ECF Nos. 14 & 20). This case was stayed on October 25, 2019, pending resolution of criminal charges. (ECF No. 89).

On September 21, 2021, Plaintiff filed what the Court construes as a motion for injunctive relief. (ECF No. 99). Because this case is stayed, and because Plaintiff's motion for injunctive relief appears to have no relationship to the claims proceeding in this case, the Court will recommend that it be denied.

\\\

\\\

1

## I. SUMMARY OF PLAINTIFF'S MOTION

Plaintiff alleges that his First Amendment rights were violated. Plaintiff alleges that he was working as a 4B Receiving and Release clerk. Officer Wilburn was hired, and she looked up Plaintiff's file. Officer Wilburn saw that Plaintiff had a staff assault, questioned him about it, and later fired him. Plaintiff filed a grievance regarding Officer Wilburn's conduct. When Officer Wilburn found out that Plaintiff filed a grievance against her, she retaliated against Plaintiff. She stated that if Plaintiff wants to push paper, then she will too. When Plaintiff attempted to get a job in the kitchen, Plaintiff was told that he is a good worker but that he would not be hired because Officer Wilburn called and asked the officer not to give Plaintiff the job as a personal favor to her. She also told Plaintiff that if Plaintiff ever leaves or is transferred, she will make sure that Plaintiff's property gets lost or misplaced.

Plaintiff asks the Court to stop this misuse of power.

## II. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Glossip v. Gross, 135 S. Ct. 2726, 2736-37 (2015) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

### III. ANALYSIS

The Court will recommend that Plaintiff's motion for injunctive relief be denied.  First, this case is currently stayed.  Second, this case is only proceeding on Plaintiff's claims for excessive force in violation of the Eighth Amendment against defendants R. Villegas and P. Cruz. Plaintiff's request for injunctive relief based on a First Amendment retaliation claim against Officer Wilburn has no relationship to these claims.  Accordingly, Plaintiff is not entitled to injunctive relief in this case based on the allegations in his motion.  Pac. Radiation Oncology, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

Additionally, there is nothing in Plaintiff's motion suggesting that defendant Villegas or defendant Cruz has the authority to provide the injunctive relief Plaintiff is requesting.  And, an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C).  Given this, and that Plaintiff is seeking injunctive relief based on a claim not pled in the complaint, even if Plaintiff is entitled to the relief he is seeking, this is not the appropriate case to seek such relief.

Therefore, the Court will recommend that Plaintiff's motion for injunctive relief be

denied.

The Court notes that if Plaintiff believes that Officer Wilburn is violating his First Amendment rights, he may file a separate lawsuit against Officer Wilburn.

### IV.    RECOMMENDATIONS

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's filing (ECF No. 99), which the Court construes as a motion for injunctive relief, be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 23, 2021**             /s/ Erica P. Grosjean
                                                      UNITED STATES MAGISTRATE JUDGE