UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>             Plaintiff,<br><br>      v.<br><br>R. VILLEGAS and P. CRUZ,<br><br>             Defendants. | Case No. 1:17-cv-00676-AWI-EPG (PC)<br><br>ORDER ALLOWING PARTIES TO SUBMIT SUPPLEMENTAL BRIEFS RE: CALIFORNIA PENAL CODE § 1016(3) AND FEDERAL RULE OF EVIDENCE 410(a)(2) |

On May 18, 2022, Defendants filed a motion for judgment on the pleadings, arguing that this action should be dismissed "because Plaintiff's claim is barred by the favorable termination rule set forth in Heck v. Humphrey, 512 U.S. 477 (1994)."  (ECF No. 106).  On May 31, 2022, Plaintiff filed his opposition to the motion.  (ECF No. 109).  On June 3, 2022, Defendants filed their reply.  (ECF No. 110).

In their motion, Defendants argue that "Plaintiff's plea included a stipulation to the factual basis for the charge based on the probable cause statement and reports in discovery." (ECF No. 106-1, p. 2).  Defendants also argue that the facts in the Probable Cause Declaration and reports directly conflict with the allegations in Plaintiff's complaint. (ECF No. 106-1, p. 6).  Thus, they argue, success on Plaintiff's excessive force claims would necessarily imply the invalidity of his criminal conviction, and his excessive force claims are barred by the favorable termination rule.  (Id.).

1

While Defendants cite to California Penal Code § 1016(3), neither they nor Plaintiff address the last sentence, which states, "[i]n cases other than those punishable as felonies, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based."  Additionally, the parties do not address Federal Rule of Evidence 410(a)(2), which states: "In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: … a nolo contendere plea."

Given that Defendants' motion relies on the facts in the Probable Cause Declaration and reports, the Court will give the parties an opportunity to file a supplemental brief addressing California Penal Code § 1016(3) and Federal Rule of Evidence 410(a)(2) as applied to the favorable termination rule if they so choose.

Accordingly, IT IS HEREBY ORDERED that, within twenty-one days from the date of service of this order, each party may submit a supplemental brief addressing California Penal Code § 1016(3) and Federal Rule of Evidence 410(a)(2) as applied to the favorable termination rule.

IT IS SO ORDERED.

Dated:   **August 10, 2022**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE