UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY LEE KING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R. VILLEGAS and P. CRUZ,<br><br>　　　　Defendants. | Case No. 1:17-cv-00676-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BE DENIED AND PLAINTIFF'S MOTION FOR LEAVE TO AMEND BE GRANTED IN PART<br><br>(ECF Nos. 106 & 108)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

**I.　INTRODUCTION**

Jerry King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on Plaintiff's claims for excessive force in violation of the Eighth Amendment against defendants R. Villegas and P. Cruz based on allegations that, while Plaintiff was in restraints, defendant Villegas rammed his head into a wall and swept him off his feet and defendant Cruz hit him with great force and a closed fist in his right eye, causing him to bleed.  (ECF Nos. 1, 14, & 20).[1]

On October 25, 2019, this case was stayed pending resolution of a related criminal proceeding.  (ECF No. 89).  After being informed on May 18, 2022, that the criminal proceeding had been resolved (ECF No. 105), the Court lifted the stay.  (ECF No. 107).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On May 18, 2022, Defendants filed a motion for judgment on the pleadings, arguing that Plaintiff's claims in this case are barred because they contradict the facts referred to in Plaintiff's nolo contendere (no contest) plea to violating California Penal Code § 69 against two victims in state court. (ECF No. 106). On May 31, 2022, Plaintiff filed his opposition to the motion. (ECF No. 109). On June 3, 2022, Defendants filed their reply. (ECF No. 110). On August 11, 2022, the Court issued an order allowing the parties to submit supplemental briefs addressing California Penal Code § 1016(3) and Federal Rule of Evidence 410(a)(2) as applied to the favorable termination rule. (ECF No. 112). On August 24, 2022, Defendants filed their supplemental brief. (ECF No. 113). On August 26, 2022, Plaintiff filed his supplemental brief. (ECF No. 114).

Additionally, on May 31, 2022, Plaintiff filed a motion for leave to amend, asking to add additional defendants and claims related to his medical care following the injuries from the incident at issue in this case. (ECF No. 108). On June 7, 2022, Defendants filed their opposition. (ECF No. 111). Plaintiff did not file a reply.

For the reasons that follow, the Court will recommend that Defendants' motion for judgment on the pleadings be denied. The Court will also recommend that Plaintiff's motion for leave to amend be granted in part, and that the claims Plaintiff is attempting to add be severed from this case.

## II. PROCEDURAL HISTORY

### a. Plaintiff's Complaint

This case is proceeding on Plaintiff's claims for excessive force in violation of the Eighth Amendment against defendants Villegas and Cruz based on allegations that on August 17, 2016, while Plaintiff was restrained, defendant Villegas rammed Plaintiff's head into a wall and swept him off his feet and defendant Cruz hit Plaintiff with great force and a closed fist in his right eye while Plaintiff was lying on the ground in compliance and not putting up any struggle or resistance. (ECF Nos. 1, 14, & 20).

In allowing Plaintiff's claim against defendants Villegas and Cruz to proceed past screening, the Court found that "Plaintiff has alleged facts indicating that he was restrained

2

when first R. Villegas and then P. Cruz assaulted him without cause." (ECF Nos. 10 & 14). All other claims and defendants were dismissed. (ECF No. 20).

### b. Plaintiff's Attempts to Amend Complaint

On April 22, 2019, Plaintiff filed a motion for leave to amend. (ECF No. 72). In the motion, Plaintiff alleged that, through discovery, he learned the names of additional defendants responsible for violating his constitutional rights. Plaintiff further alleged that Registered Nurse Grant and Licensed Vocational Nurse E-Vitto violated Plaintiff's constitutional rights, because, after the excessive force incident, they refused to treat Plaintiff's injuries and tried to cover up the staff assault.

Because Plaintiff did not attach a proposed amended complaint, the Court denied Plaintiff's motion without prejudice on May 6, 2019. (ECF No. 76). The Court informed Plaintiff that he could "refil[e] the motion with a signed copy of the proposed amended complaint, which is complete in itself, attached." (Id. at 2).

On September 3, 2019, Plaintiff filed another motion for leave to amend. (ECF No. 86). Plaintiff alleged that Registered Nurse L. Gant and Licensed Vocational Nurse E. Vitto violated Plaintiff's constitutional rights, because, after the excessive force incident, they refused to treat Plaintiff's injuries and tried to cover up the staff assault. Plaintiff further alleged that J. Loera violated Plaintiff's constitutional rights because he told L. Gant and E. Vitto not to give Plaintiff medical treatment, even though he was able to see that Plaintiff needed medical attention. Additionally, J. Loera and D. Dozer put Plaintiff in a cage and then took Plaintiff to isolation, despite being able to see that Plaintiff needed medical attention.

Despite the Court's previous order, Plaintiff once again failed to attach a proposed amended complaint. Thus, the Court denied the motion, without prejudice. (ECF No. 89). At this time the case was also stayed pending resolution of the criminal case. (Id.). However, the Court gave Plaintiff thirty days "to refile the motion with a signed copy of the proposed amended complaint (that is complete in itself) attached." (Id. at 4-5).

On November 18, 2019, Plaintiff lodged a proposed amended complaint. (ECF No. 90). As Plaintiff did not file a motion for leave to amend, the Court gave Plaintiff thirty days to do

so.  (ECF No. 91).  On December 26, 2019, Plaintiff lodged another proposed amended complaint.  (ECF No. 92).  Shortly after the Court lifted the stay in this case, on May 31, 2022, Plaintiff filed a motion for leave to amend (ECF No. 108), which is now before the Court.

### III.     DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

####    a.   Defendants' Motion (ECF No. 106)

Defendants filed their motion for judgment on the pleadings on May 18, 2022, asking the Court to dismiss this action without prejudice.  (ECF No. 106).  Defendants argue that this action should be dismissed "because Plaintiff's claim is barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994)."  (Id. at 1).

Defendants allege that this case is proceeding against defendants Villegas and Cruz based on Plaintiff's allegations that they "attacked him without any provocation, struggle, or resistance on his part, in violation of the Eighth Amendment."  (ECF No. 106-1, p. 1).  However, Plaintiff was criminally charged for battering defendant Villegas.  (Id.).  "Plaintiff subsequently pled no contest to violating California Penal Code section 69 against two victims, Defendants Cruz and Villegas, and received an eighth month sentence, consecutive."  (Id. at 2) (footnote omitted).[2]  "Plaintiff's plea included a stipulation to the factual basis for the charge based on the probable cause statement and reports in discovery."  (ECF No. 106-1, p. 2).  According to the transcript of Plaintiff's plea hearing, Plaintiff "stipulate[d] to a factual basis based on the probable cause statement and the reports in discovery with the understanding that this is a People vs. West and a no contest plea[.]"  Transcript of Plea Hearing Dated March 16, 2022, 12:21-28.

The Probable Cause Declaration referred to in the no contest plea describes the incident as follows: "On 08/18/2016, at about 0955 hours, Inmate King battered a Peace Officer by punching the Officer with his fists and injuring another officer while trying to subdue King's

---

[2] California Penal Code § 69(a) states: "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment."

4

attack. King was rehoused in Administrative Segregation Unit." (ECF No. 106-2, p. 10).

The no contest plea also referred to several documents about the incident. One of the documents referred to, a Crime/Incident Report, describes the event as follows:

> On Wednesday, August 17, 2016, at approximately 0955 hours, inmate King AT4450, battered Officer [redacted] by punching him with his right fist, then becoming resistive. Inmate King was facing the wall outside the Mental Health building on the Facility C Upper Yard. Inmate King balled his hands into fists, then swung his right hand behind him striking Officer [redacted] in the right shoulder area. He then attempted to elbow [redacted] repeatedly. Using both his hands, Officer [redacted] was able to grab King by his shoulders and force him forward into the wall then to the ground with the assistance of Officer [redacted]. Inmate King continued to be resistive by thrashing his body back and forth. Officer [redacted] maintained control of King by using his hands and body weight to hold King down by his back. Officer [redacted] grabbed King's legs and maintained control of them to ensure he did not kick anyone. During this time, Officer [redacted] announced a Code 1 staff assault via his institutional radio. After Officer Cruz took control of King's legs, he stopped trashing his body and complied with orders to submit to handcuffs.

(ECF No. 106-2, p. 12).[3]

Defendants argue that the facts in the Probable Cause Declaration and reports referred to in the no contest plea directly conflict with the allegations in Plaintiff's complaint. (ECF No. 106-1, p. 6). Thus, Defendants argue that Plaintiff's excessive force claims are barred by the favorable termination rule. (Id.).

Defendants also ask the Court to take judicial notice of records from Plaintiff's criminal proceeding. (ECF No. 106-2).

    b. Plaintiff's Opposition (ECF No. 109)

Plaintiff filed his opposition on May 31, 2022. (ECF No. 109).

Plaintiff states that he entered into a People v. West/nolo contendere plea. (Id. at 2). Plaintiff argues that the favorable termination rule does not apply in this situation. (Id.). Plaintiff also argues that he pled guilty to telling defendant Villegas "you don't have to talk to me like that" in response to defendant Villegas telling him to "shut your fuckin mouth," and to failing to obey defendant Cruz's order to stop moving while he was being beaten. (Id. at 3).

---

[3] The Court notes that while the names are redacted, no one disputes that the officers involved were defendants Villegas and Cruz. (See also ECF No. 109, p. 29) (identifying the victims as Villegas and Cruz).

5

1  Plaintiff's response to defendant Villegas did not warrant the force that Defendants used on
2  Plaintiff.  (Id.).
3       Plaintiff also states that the civil case was filed on May 17, 2017, and that the criminal
4  charges were brought on August 30, 2017.  (Id.).  Plaintiff argues that the criminal charges
5  were brought by defense counsel/Defendants to retaliate against him for filing this case.  (Id. at
6  2-3).  Plaintiff further argues that because the criminal case was filed in retaliation, and because
7  Defendants have manipulated the Court system with dilatory litigation tactics, Defendants'
8  motion for judgment on the pleadings should be denied.
9       Plaintiff also asks the Court to take judicial notice of records from his criminal case.
10 (ECF No. 109, pgs. 1-2 & 5-31).
11      c.   Defendants' Reply (ECF No. 110)
12      Defendants filed their reply on June 3, 2022.  (ECF No. 110).  Defendants argue that the
13 favorable termination rule applies to no contest pleas made pursuant to People v. West.  (Id. at
14 2).
15      Defendants also argue that Plaintiff's argument that the motion should be denied
16 because the criminal case was filed in retaliation is without merit.  (Id. at 3).  Plaintiff's
17 allegations are speculative, the criminal charges were filed before service of the complaint, and
18 the allegations are irrelevant to determining the application of the favorable termination rule.
19 (Id.).
20      Finally, Defendants argue that it is "demonstrably false" that Plaintiff pled guilty to
21 telling defendant Villegas "you don't have to talk to me like that" and to failing to obey
22 defendant Cruz's order to stop moving while he was being beaten.  (Id. at 3).  "The criminal
23 complaint reflects that Plaintiff battered Villegas; Plaintiff pled no contest to violating
24 California Penal Code section 69 against victims Cruz and Villegas; and Plaintiff stipulated to
25 the factual basis for this charge based on the probable cause statement and reports in discovery.
26 The probable cause statement and reports supporting the charge reflect that, on August 17,
27 2016, Plaintiff attacked Villegas and then violently resisted the attempt of Cruz and Villegas to
28 subdue him."  (Id. at 4-5) (citations omitted).

d. Supplemental Briefs

On August 11, 2022, the Court issued an order allowing the parties to submit supplemental briefs. (ECF No. 112). The Court allowed the parties to address the last sentence of California Penal Code § 1016(3), which states: "In cases other than those punishable as felonies, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, the plea may not be used against the defendant as an admission in any civil suit based upon or growing out of the act upon which the criminal prosecution is based." (ECF No. 112, p. 2). The Court also allowed the parties to address Federal Rule of Evidence 410(a)(2), which states: "In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: … a nolo contendere plea." (ECF No. 112, p. 2).[4]

On August 24, 2022, Defendants filed their supplemental brief. (ECF No. 113). Defendants argue that California Penal Code § 1016(3) does not apply because Plaintiff was convicted of a felony. (ECF No. 113, p. 3). Moreover, "even misdemeanor no contest pleas may be considered under the favorable termination rule because they are not 'used against the defendant as an admission' within the meaning of section 1016(3)." (ECF No. 113, p. 3) (citation omitted).

As to Federal Rule of Evidence 410, Defendants argue that "the Ninth Circuit has 'repeatedly found Heck to bar § 1983 claims, even where the plaintiff's prior convictions were the result of guilty or no contest pleas.'" (ECF No. 113, p. 4) (quoting Radwan v. County of Orange, 519 Fed. App'x 490, 490-91 (9th Cir. May 21, 2013)). Defendants further argue that "Rule 410(a)(2) does not apply to no contest pleas offered to show the court lacks jurisdiction to hear a civil case under the favorable termination rule, because such pleas are not offered 'against the defendant' as an admission or evidence of guilt within the meaning of Rule 410." (ECF No. 113, p. 4).

On August 26, 2022, Plaintiff filed his supplemental brief. (ECF No. 114). Plaintiff

---

[4] The Court only allowed supplemental briefing on the applicability of California Penal Code § 1016(3) and Federal Rule of Evidence 410. The Court will not address any other issues raised in the supplemental briefs.

7

the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

"To decide whether success on a section 1983 claim would necessarily imply the invalidity of a conviction, we must determine which acts formed the basis for the conviction. When the conviction is based on a guilty plea, we look at the record to see which acts formed the basis for the plea." Lemos v. County of Sonoma, 40 F.4th 1002 (9th Cir. 2022) (*en banc*), petition for cert. filed October 19, 2022.

ii. *Judicial Notice*

"Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, Fed.R.Civ.P. 12(d), it may take judicial notice of matters of public record and consider them without converting a Rule 12 motion into one for summary judgment." United States v. 14.02 Acres of Land More or Less in Fresno County., 547 F.3d 943, 955 (9th Cir. 2008) (citation and internal quotation marks omitted).

"The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Courts "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Both parties ask the Court to take judicial notice of public records from Plaintiff's criminal case.  No one questions the authenticity or accuracy of these records.  Accordingly, the Court will take judicial notice of the records from Plaintiff's criminal case for the purpose of this motion for judgment on the pleadings, and not for the truth of what is contained therein.

iii. *Analysis*

As an initial matter, Defendants are correct that the Ninth Circuit has applied the favorable termination rule to nolo contendere pleas, when success on the claim would necessarily render the resulting conviction invalid. See, e.g., Szajer v. City of Los Angeles,

9

632 F.3d 607 (9th Cir. 2011) (finding that the plaintiffs' claims were barred by the favorable termination rule based on a no contest plea); Sanders v. City of Pittsburg, 14 F.4th 968, 972 (9th Cir. 2021) (finding that the plaintiff's claim was barred by the favorable termination rule based on a no contest plea).

However, Plaintiff's excessive force claims in this § 1983 case against Defendants are not necessarily inconsistent with a conviction for violating California Penal Code § 69, which states: "Every person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon the officer by law, or who knowingly resists, by the use of force or violence, the officer, in the performance of his or her duty, is punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment pursuant to subdivision (h) of Section 1170, or in a county jail not exceeding one year, or by both such fine and imprisonment." Cal. Penal Code § 69(a). As a general rule, success on an excessive force claim does not, in and of itself, necessarily imply the invalidity of a conviction for violating California Penal Code § 69. For example, in Yount v. City of Sacramento, 43 Cal. 4th 885 (2008), the California Supreme Court explained:

> For example, a defendant might resist a lawful arrest, to which the arresting officers might respond with excessive force to subdue him. The subsequent use of excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of the criminal defendant's attempt to resist it. Though occurring in one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer.

Id. at 899 (citation and internal quotation marks omitted). Similarly, in Correa v. Braudrick, 2022 WL 2308803, at *7 (E.D. Cal. June 27, 2022), report and recommendation adopted, 2022 WL 7096437 (E.D. Cal. Oct. 12, 2022), the Court found that "[a] conviction under Cal. Penal Code § 69, which makes it a crime to resist, obstruct, or delay a peace officer in the performance of his or her duties, 'can be valid even if, during a single continuous chain of events, some of the officer's conduct was unlawful,' because the conviction itself 'requires only that some lawful police conduct was resisted, delayed, or obstructed during that

1 continuous chain of events.'") (citing Hooper v. County of San Diego, 629 F.3d 1127, 1131 (9th Cir. 2011)).

Thus, Plaintiff's conviction is not necessarily inconsistent with Plaintiff's pending claims and does not warrant dismissal under Heck. In other words, Defendants may have used excessive force in violation of the Eighth Amendment against Plaintiff even if, at some point, Plaintiff resisted, obstructed, or delayed Defendants in the performance of their duty.

Defendants appear to concede this when, in their motion for judgment on the pleadings, they argue that Plaintiff's claims are inconsistent with the *facts* set forth in the Probable Cause Declaration and reports in discovery (ECF No. 106-1, pgs. 2 & 5-6), rather than with the conviction itself. They argue that Plaintiff's excessive force claims "directly and irreconcilably conflict[]"with the "factual basis" of the plea. (Id. at 5-6). According to Defendants, the records referred to at the plea hearing show "that Plaintiff attacked Defendant Villegas and violently resisted the attempt of Defendants Villegas and Cruz to subdue him" (id. at 5), and argue that these facts are inconsistent with the facts alleged in Plaintiff's claims.

Use of the facts in documents that were referred to at the nolo contendere plea hearing, especially those beyond the scope of a California Penal Code § 69(a) conviction, poses a more difficult issue that requires examination of nolo contendere pleas and their permissible uses. After all, a nolo contendere plea is not an admission of guilt or acceptance of certain facts. It is an agreement that a criminal defendant will not contest a conviction. See, e.g., United States v. Nguyen, 465 F.3d 1128, 1130 (9th Cir. 2006) ("[A] plea of nolo contendere … is a special creature under the law. It is, first and foremost, not an admission of factual guilt. It merely allows the defendant so pleading to waive a trial and to authorize the court to treat him as if he were guilty.") (citation omitted). Indeed, the court in Plaintiff's criminal case advised Plaintiff that his plea was not an admission. Transcript of Plea Hearing Dated March 16, 2022, 5:3-18 ("The Court: … [Defendant's counsel] asked if I would be willing to accept a People vs. West plea, which is I don't really admit. You plead no contest, it's kind of like no contest on steroids, if that makes sense…. It's saying no contest, I sort of give up, and I want to settle it for locking in a deal.").

11

The Court has also considered the text of Federal Rule of Evidence 410(a), which states:

> In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>     (1) a guilty plea that was later withdrawn;
>     (2) *a nolo contendere plea*;
>     (3) *a statement made during a proceeding on either of those pleas* under Federal Rule of Criminal Procedure 11 or a comparable state procedure; or
>     (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea

Fed. R. Evid. 410(a)(1)-(4) (emphasis added).

The Court has also considered the Advisory Committee Notes to 1972 Proposed Rules regarding Rule 410, which state that "[t]he present rule gives effect to the principal traditional characteristic of the *nolo* plea, i.e. avoiding the admission of guilt which is inherent in pleas of guilty."

The Court has also considered Federal Rule of Criminal Procedure 11, which permits nolo contendere pleas. The Advisory Committee Notes to 1974 Amendments regarding Federal Rule of Criminal Procedure 11 state that "[a] defendant who desires to plead nolo contendere will commonly want to avoid pleading guilty because the plea of guilty can be introduced as an admission in subsequent civil litigation." It also states that "[t]he rule does not speak directly to the issue of whether a judge may accept a plea of guilty where there is a factual basis for the plea but the defendant asserts his innocence. The procedure in such case would seem to be to deal with this as a plea of nolo contendere, the acceptance of which would depend upon the judge's decision as to whether acceptance of the plea is consistent with the interest of the public in the effective administration of justice." Id. (citations and internal quotation marks omitted).

And here, based on the transcript of Plaintiff's plea hearing, Plaintiff pled nolo contendere, at least in part, so that his plea could not be used against him in his civil litigation. Transcript of Plea Hearing Dated March 16, 2022, 10:10-13 ("[Plaintiff]: That's part of my plea agreement here today, trying to resolve this case, is because I don't want it to affect my civil

case in any way."). Although this alone is not determinative, it shows Plaintiff's intention in pleading nolo contendere was to continue to assert his excessive force claims in this case.

Applying these legal standards to the facts of this case, the Court finds that the favorable termination rule does not apply here because Plaintiff did not admit to facts that were inconsistent with his claims. Those facts were included to inform the criminal court that there is a factual basis to the plea. See, e.g., Transcript of Plea Hearing Dated March 16, 2022, 12:21-28. However, a person pleading nolo contendere is not admitting to those facts, and the rules cited above prevent such facts from being used against Plaintiff in this case.

Notably, Plaintiff's Felony Abstract of Judgement and his Plea Form include little to no details regarding the underlying crime, and no documents are attached that include details. ECF No. 106-2, pgs. 46-49 & 95-96. Thus, the claims in this case are not inconsistent with the judgment or plea form.

Nor does the Court find inconsistency with the Probable Cause declaration supporting the plea. The Probable Cause Declaration describes the incident as follows: "On 08/18/2016, at about 0955 hours, Inmate King battered a Peace Officer by punching the Officer with his fists and injuring another officer while trying to subdue King's attack. King was rehoused in Administrative Segregation Unit." (ECF No. 106-2, p. 10). As discussed above, Rule 410 arguably prevents this document from being used against Plaintiff in this § 1983 case. However, even if the Court were to consider the facts contained in the Probable Cause Declaration, the favorable termination rule would not apply. A conviction based on Plaintiff battering one officer and injuring another is not *necessarily* invalidated by a claim that those same officers used excessive force on Plaintiff at some point in the incident.[5]

Defendants also rely on their own reports and reports, which were referred to at Plaintiff's nolo contendere plea hearing. According to the transcript of Plaintiff's plea hearing, Plaintiff "stipulate[d] to a factual basis based on the probable cause statement and the reports in

---

[5] While it appears to be a typographical error, based solely on the Probable Cause Declaration, it is not even clear if the incidents occurred on the same day. The date mentioned in the Probable Cause Declaration, August 18, 2016, is one day after the date of the excessive force incident alleged in the complaint.

1  discovery with the understanding that this is a People vs. West and a no contest plea[.]"
2  Transcript of Plea Hearing Dated March 16, 2022, 12:21-28.  These referenced reports and
3  discovery include the entire incident reports prepared by officers, which include far more facts
4  than directly related to the factual basis for the underlying conviction.  While these are certainly
5  "facts" that the judge can consider in whether to accept the plea, Plaintiff did not admit to all of
6  the facts in the reports and Rule 410 prevents them from being used against Plaintiff in this §
7  1983 case.

8  As to Defendants' arguments in their supplemental brief, Defendants argue that, as
9  Plaintiff is the plaintiff in the case and not the defendant, Defendants are not using the no
10 contest plea "against the defendant."  Thus, Defendants argue that Rule 410 does not apply.
11 Some courts have accepted this argument.  See, e.g., Walker v. Schaeffer, 854 F.2d 138, 143
12 (6th Cir. 1988) (finding that Rule 410 did not apply because "the persons who entered prior no-
13 contest pleas are now plaintiffs in a civil action.  Accordingly, use of the no-contest plea for
14 estoppel purposes is not 'against the defendant' within the meaning of Fed.R.Evid. 410").

15 However, the Court finds this to be a strained reading of Rule 410.  Instead, the Court
16 adopts the analysis of Norton v. Stille, 2014 WL 12279521, at *2 (W.D. Mich. Apr. 14, 2014).
17 In Norton, the Court found that "Rule 410 applies by its terms to 'a civil or criminal case' and
18 includes no limitation on whether the pleading party is a plaintiff or defendant in the litigation.
19 Fed. R. Evid. 410(a).  The only reference the rule makes to 'the defendant' is describing the
20 person protected by the rule: namely, 'the defendant who made the plea.'  Id.  The broad
21 prohibition makes no exception for use by a civil defendant against a civil plaintiff…."  Norton,
22 2014 WL 12279521, at *2.  This Court agrees that, in referencing "the defendant who made the
23 plea," Rule 410 is describing the person protected by the Rule, that is, the defendant who made
24 the plea.  There is no indication in the text suggesting that Rule 410 does not apply when "the
25 defendant who made the plea" subsequently files a civil case.

26 Next, Defendants argue that Rule 410 does not apply because the plea is not being
27 offered against Plaintiff "as an admission or evidence of guilt within the meaning of Rule 410."
28 (ECF No. 113, p. 4).  Defendants cite to several cases for this proposition.  See, e.g., Arrington

v. City of Los Angeles, 2021 WL 4168156, at *1 (9th Cir. Sept. 14, 2021) ("Arrington's conviction was not admitted 'against' him as an evidentiary admission. Fed. R. Evid. 410. The *Heck* issue was decided as a matter of law by the district court—properly so, as the legal consequences of the conviction preclude him from having a cognizable section 1983 claim for false arrest and false imprisonment under *Heck*."); Alatraqchi v. City & County of San Francisco, 2001 WL 637429, at *2 (N.D. Cal. May 30, 2001) ("Rule 410 prohibits the use of a 'no contest' plea, against the defendant who made the plea, as an admission or as evidence of guilt in another proceeding. In this case, however, [Defendant] does not seek to use plaintiff's plea against plaintiff as an admission or as evidence of guilt. Under *Heck*, plaintiff's 'no contest' plea is significant merely by the fact of its existence, and by the fact that it resulted in a criminal conviction.").

Most of the cases cited by Defendants focus on the use of the conviction itself to obtain a dismissal of a civil case, and do not hold that a federal court should dismiss a civil claim because it is inconsistent with facts in documents referred to in a no contest pleas hearing even where the claim is *not* necessarily inconsistent with the actual plea and conviction.

Defendants do cite one case, Galvan v. City of La Habra, 2014 WL 1370747 (C.D. Cal. Apr. 8, 2014), in which the Court overruled the plaintiff's Rule 410 objection and appears to have considered "the form confirming [the plaintiff's] s contendere plea … as well as the court minutes noting the details of [the plaintiff's] plea," id. at 8. However, Galvan is distinguishable from this case. Here, Defendants are asking the Court to consider not just the form confirming the plea and court minutes, but also documents referred to in Plaintiff's plea hearing. Moreover, the Galvan Court relied, at least in part, on the fact that that the criminal defendant was the plaintiff in the pending civil rights case. Id. at 10-12. However, as described above, the Court finds this to be a strained reading of Rule 410.

Considering the nature of nolo contendere pleas, the Advisory Comments, and the text of Federal Rule of Civil Procedure 410, the Court finds that dismissal of this case based on inconsistency with the factual information that was referred to as part of a no contest plea is not warranted.

Therefore, the Court recommends denying Defendants' motion for judgment on the pleadings.

### IV. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

#### a. Plaintiff's Motion (ECF No. 108)

Plaintiff filed a motion for leave to amend on May 31, 2022 (ECF No. 108), based on a proposed amended complaint lodged on December 26, 2018 (ECF No. 92), while the stay for the criminal proceedings was in place. Plaintiff seeks to add Eighth Amendment claims against Registered Nurse Gant and Licensed Vocational Nurse Vitto for deliberate indifference to his medical needs. (Id. at 1-2). Plaintiff alleges that Registered Nurse Gant and Licensed Vocational Nurse Vitto refused to give Plaintiff medical treatment at the request of an officer after the alleged excessive force incident, even though both defendant Cruz and defendant Villegas were seen by a doctor. (Id. at 2). This violated California law, which states that after an excessive force incident, everyone is supposed to be medically evaluated by a doctor. (Id.). Plaintiff further alleges that, at the time of filing, he did not have the information needed to identify the proper defendants. (Id. at 2). Through discovery, Plaintiff received medical reports that gave Plaintiff the names and position of nurses who violated his Eighth Amendment rights by refusing to give him medical care or treatment. (Id. at 1-2).

#### b. Defendants' Opposition (ECF No. 111)

Defendants filed their opposition on June 7, 2022. (ECF No. 111). Defendants argue that Plaintiff's motion should be denied "because of Plaintiff's substantial and unaccounted for delay in lodging his proposed amended complaint, the futility of the proposed amendment, prejudice to the Defendants, and misjoinder of the proposed additional parties." (Id. at 2).

As to their argument that there was a substantial and unaccounted for delay, Defendants note that Plaintiff filed this action on May 17, 2017, but did not lodge his proposed amended complaint until December 26, 2019. (Id. at 3). Moreover, while Plaintiff alleges that he did not know the names of defendants Grant and Vitto until information was produced in discovery, "the medical report of injury at issue was attached to Plaintiff's original complaint and unambiguously states that LVN Vitto (not RN Grant) provided Plaintiff medical care after the

16

1   August 17, 2016 incident. Therefore, at the time of filing his initial complaint, Plaintiff knew
2   the facts of his proposed claim and knew or should have known that LVN Vitto was the one
3   who provided him care in connection with that claim—at least two years and seven months
4   prior to lodging his proposed amended complaint on that issue. Plaintiff's motion to amend
5   should be denied based on this substantial and unaccounted for delay." (Id.) (footnote and
6   citation omitted).

    c.  Discussion

    i.  *Legal Standards for Leave to Amend*

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); see also Waldrip, 548 F.3d at 732. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

    ii.  *Analysis*

The Court agrees that allowing Plaintiff to add Eighth Amendment claims based on lack of medical care against two medical professionals who are not currently defendants would unduly prejudice Defendants by significantly delaying resolution of this case. Additional discovery, and potentially dispositive motions, would result.

However, as summarized above, Plaintiff first attempted to add claims against Registered Nurse Gant and Licensed Vocational Nurse Vitto on April 22, 2019. (ECF No. 72). While Plaintiff initially failed to follow the proper procedures, Plaintiff is an inmate proceeding *pro se*. Moreover, much of the delay in addressing Plaintiff's request to amend was caused by

the approximately two-and-a-half-year stay of this case, which was requested by Defendants. (See ECF Nos. 82, 89, & 107). The Court finds no bad faith in Plaintiff's amendment of the claim. While Plaintiff arguably had sufficient information to assert these claims at an earlier time, the Court also does not find undue delay.

Given the above, the Court will recommend that Plaintiff's motion for leave to amend be granted in part.[6] Because Plaintiff is attempting to add new claims against new defendants, and given the undue prejudice current Defendants would face if these new claims were allowed to proceed in this case, the Court will not permit Plaintiff to add these claims and defendants in this case. However, the Court will permit Plaintiff to assert these claims in a separate case, subject to screening and further proceedings in that case.[7]

V.     RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for judgment on the pleadings (ECF No. 106) be DENIED;
2. Plaintiff's motion for leave to amend (ECF No. 108) be GRANTED in part; and
3. Plaintiff's lodged amended complaint be filed in a separate case and Plaintiff's Eighth Amendment claims for deliberate indifference to his medical needs against defendants Registered Nurse Gant and Licensed Vocational Nurse Vitto proceed in that other case, subject to screening.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to

---

[6] The Court is only granting Plaintiff's motion for leave to amend insofar as it is attempting to add Eighth Amendment claims against Grant and Vitto for failing to provide medical care after the alleged excessive force incident. To the extent that Plaintiff is attempting to add additional claims against Defendants, Plaintiff's motion is denied. Plaintiff does not ask to be allowed to add any other claims in his motion to amend or explain why he should be allowed to add additional claims against Defendants at this time.

[7] As to Defendants' argument that leave to amend is futile because Plaintiff fails to state a claim against Grant and Vitto, the Court is not taking a position on the merits of Plaintiff's claims against new defendants. The Court is only allowing Plaintiff to assert those claims in a new case, and Plaintiff's amended complaint will be subject to screening in that new case. The Court has done a very initial review of the claims and finds them sufficiently colorable to proceed to that process, which may include screening and potentially leave to amend.

Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 17, 2022**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE